IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02062-WJM-KLM

TYRON DUANTE SMALL,

    Plaintiff,
v.

BOBBY ARAGON, Sgt., in his individual capacity, and
JAMES HOLLAND, Sgt., in his individual capacity,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [#16][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#18] in opposition to the Motion [#16], Defendants filed a Reply [#19], and Plaintiff filed a Surreply [#20].[3] Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#16] has been referred to the undersigned for a recommendation regarding disposition.

---

[1] "[#16]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court shall not be the pro se litigant's advocate and shall not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

[3] Plaintiff did not file a motion seeking leave to file the Surreply [#20], and he did not show in his Surreply that the Surreply was necessary because Defendants relied on new material in their Reply [#19]. *See Green v. New Mexico*, 420 F.2d 1189, 1196 (10th Cir. 2005). Nevertheless, the Court has reviewed and considered Plaintiff's Surreply [#20] in connection with adjudication of the Motion [#16].

*See* [#25]. The Court has reviewed the briefs, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#16] be **GRANTED**.

## I. Background

Plaintiff is an inmate of the Colorado Department of Corrections, housed at Fremont Correctional Facility ("Fremont"). *Second Am. Compl.* [#9] at 2.[4] He is a member of a security threat group ("STG"). *Id.* at 4. On May 12, 2022, he threatened Defendant Bobby Aragon ("Aragon"), a sergeant in Plaintiff's cell unit at Fremont. *Id.* Unidentified prison officials punished Plaintiff by moving him out of his cell unit to an unspecified location. *Id.* When he was returned to his cell unit on May 19, 2022, Defendant Aragon assigned him to a new cell to live with a gay cellmate. *Id.*

Plaintiff asserts that Defendant Aragon knew that: (1) Plaintiff is a member of a STG; (2) his newly assigned cellmate was gay; and (3) members of a STG face "consequences" for living with a gay cellmate. *Id.* Between May 19, 2022, and May 23, 2022, Plaintiff informed Defendant Aragon that Plaintiff would face "consequences" for living with a gay cellmate "over an estimated four times." *Id.* Additionally, Plaintiff asserts that he asked Defendant Aragon to change his cell in the presence of witnesses several times. *Id.* Plaintiff alleges a cell in his unit became available on May 20, 2022, one day after his first request. *Id.* at 7. Nonetheless, Defendant Aragon still refused to move him and denied each of Plaintiff's requests. *Id.* at 4, 7. Plaintiff states that Defendant Aragon gave Plaintiff "no [explicit] reason" for declining his requests to move cells. *Id.* at 4.

---

[4] Allegations in the Second Amended Complaint [#9] are accepted as true and are construed in the light most favorable to Plaintiff, as the nonmovant. *See Alsteens v. Piper*, No. 19-cv-01407-PAB-KLM, 2020 WL 3668781, at *2 (D. Colo. June 12, 2020), report and recommendation adopted, No. 19-cv-01407-PAB-KLM, 2020 WL 3642375 (D. Colo. July 6, 2020).

However, Plaintiff also alleges that Defendant Aragon told Plaintiff he did not like him and that "[a]ll [Plaintiff] ha[d] done was cause problems since he moved into this unit." *Id.* at 4. Additionally, Plaintiff asserts that Defendant Aragon instructed Defendant James Holland ("Holland")—another sergeant in Plaintiff's cell unit—not to change Plaintiff's living situation during the swing shift. *Id.* at 4, 7. Fremont sergeants must report safety concerns to lieutenants, and Plaintiff claims that Defendants failed to raise his safety concerns with their Lieutenant. *Id.* at 4.

On May 23, 2022, Plaintiff shared his safety concerns with a third nonparty sergeant who agreed to move him to a new cell without a gay cellmate. *Id.* at 7. One day later, on May 24, 2022, Plaintiff was attacked in his new cell while Defendant Holland was on duty. *Id.* According to Plaintiff, camera footage exists showing the assailants going into Plaintiff's cell to assault him and also of an assailant following him into the showers after the assault to "ensure [Plaintiff] wouldn't tell what [the assailants] did." *Id.* at 4. Plaintiff asserts that Defendant Holland did not check on him after the assault. *Id.*

On June 2, 2022, Plaintiff filed a grievance against Defendants.[5] *Id.* at 7. In the grievance, Plaintiff stated that Defendant Aragon refused to move him in retaliation for the threats Plaintiff made on May 12, 2022.[6] *Id.* On June 6, 2022, a Grievance

---

[5] Plaintiff includes both the grievance and the grievance response as part of his Second Amended Complaint [#9]. *See Second Am. Compl.* [#9] at 7-8.

[6] While retaliation is mentioned in the Second Amended Complaint [#9], Plaintiff does not assert a First Amendment retaliation claim. A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff does not seek relief for alleged retaliation, nor does he assert that he has sufficiently alleged any of the three elements of a First Amendment retaliation claim. *See Turner v. Falk*, 632 F. App'x 457, 460 (10th Cir. 2015). Nevertheless, the Court notes that, even if he had, such a claim would suffer from the same logical problem discussed at length below in connection with Plaintiff's Eighth Amendment claims, i.e., even if Plaintiff could allege that Defendant Aragon did not move him due to unconstitutional retaliation, Plaintiff cannot show that the harm was caused by the failure to move him, given that the harm occurred after Plaintiff was moved.

Coordinator responded to Plaintiff's grievance. *Id.* at 7-8. In contrast to Plaintiff's allegations, the grievance response states that Defendant Aragon did provide specific reasoning to Plaintiff, i.e., that "the proper housing criteria had been utilized" and that Plaintiff's new cellmate "was a proper match." *Id.*

Plaintiff's Second Amended Complaint [#9] asserts claims pursuant to 42 U.S.C. § 1983 against Defendants. *Id.* at 2-4. Plaintiff claims that Defendants violated his Eighth Amendment rights—specifically the Cruel and Unusual Punishment Clause—by failing to protect him from being assaulted by fellow inmates. *Id.* Plaintiff demands $1,000,000 from each Defendant for pain and suffering. *Id.* at 6.

Defendants' Motion [#16] presents four defenses against Plaintiff's claim. *Motion* [#16] at 5, 8, 10, 13. They argue that: (1) Plaintiff fails to allege sufficient facts to support an Eighth Amendment claim; (2) Defendant Holland is not responsible for Plaintiff's living situation; (3) Defendants are entitled to qualified immunity; and (4) Plaintiff's injuries are not compensable under the Prison Litigation Reform Act. *Id.* Defendants ask the Court to dismiss Plaintiff's Second Amended Complaint [#9] in its entirety. *Id.* at 15.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The Court grants a motion to dismiss when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint survives a motion to dismiss when it contains sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The plaintiff must draft a complaint with enough factual matter to suggest that he is entitled to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). A complaint cannot make "naked assertion[s]" or conclusory statements without sufficient facts to prove alleged conduct. *See Twombly*, 550 U.S. at 557. A plausible claim must provide more than just a mere possibility that the defendant acted unlawfully and must show a "reasonable likelihood" that facts can support the claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012); *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### III. Analysis

At the outset, the Court notes that the precise constitutional bases for Plaintiff's claims against each Defendant, even when liberally construing the Second Amended Complaint [#9], are unclear. For ease of reference, the Court refers to the potential bases as Claims One through Five, although they are not so designated in the Second Amended Complaint [#9]. First, Plaintiff may be arguing that Defendants caused him to suffer a constitutional injury when they initially assigned him to live with a gay cellmate ("Claim One"). Second, Plaintiff may be arguing that Defendants caused him to suffer a

constitutional injury when they failed to move him from his cell and failed to heed his warnings that he was at risk of consequences ("Claim Two"). Third, Plaintiff may be arguing that Defendant Holland caused him to suffer a constitutional injury by following Defendant Aragon's orders not to change Plaintiff's cell assignment during the swing shift ("Claim Three"). Fourth, Plaintiff may be arguing that Defendant Holland caused him to suffer a constitutional injury when Plaintiff was attacked after he was moved to his new cell while Defendant Holland was on duty ("Claim Four"). Fifth, Plaintiff may be arguing that Defendant Holland caused him to suffer a constitutional injury when he did not check on Plaintiff after the assault ("Claim Five"). The Court addresses each potential claim in turn.

**A.    Eighth Amendment**

42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A plaintiff must prove that each defendant caused his constitutional injury, as there is a causation element to every § 1983 claim. *See Malley v. Briggs*, 475 U.S. 335, 345 (1986) ("§ 1983 should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions."); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (holding a defendant as liable if he was the "moving force" behind the alleged deprivation of the plaintiff's constitutional rights).

The Eighth Amendment protects against cruel and unusual punishment and imposes a duty on prison officials to provide reasonable protection from serious bodily harm. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). To successfully state a

claim for an Eighth Amendment violation, the plaintiff must satisfy both prongs of the two-pronged deliberate indifference test: (1) objectively, the harm the plaintiff alleges must be sufficiently serious to receive constitutional protection; and (2) subjectively, the defendant must be aware of a substantial risk of harm to the plaintiff's health or safety and disregard that risk.  *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

To uphold their duty, prison officials must "tak[e] reasonable measures to guarantee the inmates' safety."  *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).  As part of this obligation, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotations omitted).  "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Id.* (quotations omitted).  However, not every instance of inmate-on-inmate violence "translates into constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.

1. **Objective Prong**

Under the objective prong, a plaintiff must allege that the "*harm* [he] suffered rises to a level sufficiently *serious* to be cognizable under the Cruel and Unusual Punishment Clause" of the Eighth Amendment.  *Martinez*, 563 F.3d at 1088 (quoting *Farmer*, 511 U.S. at 834) (emphasis added).  To satisfy the objective prong, the "plaintiff's allegations must furnish more than a conclusory claim of being afraid."  *McConnell v. Cirbo*, No. 11-cv-02342-WJM-KLM, 2012 WL 3590762, at *10 (D. Colo. Apr. 24, 2012) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).  The Court has found, for example, that a plaintiff alleging an assault resulting in unconsciousness, a bloodied face, and

contusions satisfies the objective prong in the pleadings stage. *Straker v. Stancil*, No. 20-cv-03478-WJM-STV, 2022 WL 1193451, at *2 (D. Colo. Feb. 10, 2022).

The analysis of the objective component is the same for all five claims. Plaintiff alleges he was attacked in his cell on May 24, 2022, while Defendant Holland was on duty. *Second Am. Compl.* [#9] at 4. According to Plaintiff, camera footage exists showing the assailants going into his cell to assault him and also of an assailant following him into the showers after the assault to "ensure [Plaintiff] wouldn't tell what [the assailants] did." *Id*. In the Second Amended Complaint [#9], Plaintiff does not describe the assault as verbal and/or physical or explain whether he subsequently sought medical attention. *See Straker*, 2022 WL 1193451, at *2. Nor does Plaintiff explain how the camera footage reveals his assailants' alleged intentions. While Plaintiff provides allegations that go beyond a conclusory claim of being afraid of an attack, given that he was actually attacked, he offers no allegations to describe the seriousness of the assault. *See McConnell*, 2012 WL 3590762, at *10.

In short, Plaintiff has simply not provided enough allegations in the Second Amended Complaint [#9] to plausibly allege that the harm he suffered was sufficiently serious to be cognizable under the Eighth Amendment. *See Martinez*, 563 F.3d at 1088. Accordingly, the Court finds that Plaintiff has failed to adequately allege the objective prong of his Eighth Amendment claim against Defendants.[7]

---

[7] The Court notes that Plaintiff states in his Response [#18] that he sought medical treatment after inmates assaulted him. *Response* [#18] at 3. Plaintiff lists a broken tailbone and bruising and swelling of the face as physical injuries from the assault. *Id.* Without so holding at this time, the Court notes that these allegations *may* plausibly demonstrate that the harm he suffered rises to a level sufficiently serious to be cognizable under the Eighth Amendment, should they be added to a Third Amended Complaint. *See Martinez*, 563 F.3d at 1088. Therefore, the Court does not end its analysis at the objective prong and continues on to the subjective prong. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

### 2.    Subjective Prong

Under the subjective prong, a plaintiff must allege that the defendant: (1) knew of a *substantial risk* of harm posed to the plaintiff; and (2) disregarded that risk "by failing to take reasonable steps to abate the risk." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

First, a plaintiff must plausibly allege the defendant knew of a substantial risk of harm posed to the plaintiff. *Id.* A plaintiff cannot rely solely on the allegation that the defendant should have perceived a substantial risk. *Farmer*, 511 U.S. at 838; *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). "If the official was unaware of the risk, no matter how obvious the risk or how gross his negligence in failing to perceive it, his failure to alleviate it is not an infliction of punishment and therefore not a constitutional violation." *Szymanski*, 289 F. App'x at 318 (quoting *Tafoya*, 516 F.3d at 916) (internal quotation marks omitted).

To draw the line between a plaintiff who adequately alleges and a plaintiff who inadequately alleges sufficient details of a defendant's knowledge, the Court considers similar cases. For example, in *Sayed v. Kautz*, No. 18-cv-00931-WJM-NRN, 2021 WL 4099577, at *6 (D. Colo. Sept. 9, 2021), the court found that a plaintiff who was assaulted by other inmates failed to satisfy the subjective prong when he only presented a "blanket assertion" alleging that "the evidence established that the named [d]efendants had knowledge that [the p]laintiff faced a substantial risk of serious harm. . . ."

On the other side of the line, a plaintiff who sought an injunction to be moved to a cell by himself survived a motion to dismiss by alleging that "[a] substantial risk of attack upon an inmate by a cell-mate exists . . . and such risk is longstanding, pervasive, and

-9-

well-documented. The defendants know, and have known, of this danger from the very fact that the risk was, and is, obvious." *Herbert v. Clements*, No. 13-cv-00259-WJM-BNB, 2013 WL 6077006, at *3 (D. Colo. Nov. 19, 2013). The plaintiff asserted that in the months before filing his complaint, two of the plaintiff's fellow inmates were murdered by their cellmates, and the defendants knew about these murders. *Id.* These allegations were deemed sufficient to satisfy the subjective prong. *Id.* at 7.

Accordingly, a plaintiff must make more than a blanket assertion that the defendant knew he faced a substantial risk of harm, *see Sayed*, 2021 WL 4099577, at *6, and a plaintiff may survive a motion to dismiss if he alleges that the substantial risk of harm to him was obvious and well-known throughout the prison and alleges examples of the defendant's knowledge of this substantial risk. *See Herbert*, 2013 WL 6077006, at *3.

In addition, a plaintiff must plausibly allege that the defendant disregarded the substantial risk by failing to take reasonable steps to abate the risk. *Callahan*, 471 F.3d at 1159. A plaintiff must allege that the defendant deliberately acted, or failed to act, with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

### a. Claim One: Assignment to Cell

First, Plaintiff may be arguing that Defendants caused him to suffer a constitutional injury when they initially assigned him to live with a gay cellmate.

On May 19, 2022, Defendant Aragon assigned Plaintiff to a new cell to live with a gay cellmate. *Second Am. Compl.* [#9] at 4. Plaintiff allegedly informed Defendant Aragon that he would face "consequences" for living with a gay cellmate *only after* he had been assigned to his new cell. *Id.* On May 23, 2022, Plaintiff shared his safety concerns with a third nonparty sergeant who agreed to move him to a new cell without a gay

cellmate. *Id.* Although Plaintiff was swiftly moved, he was attacked in his new cell the following day, on May 24, 2022. *Id.*

At the outset, the law does not support the assertion that assigning a prisoner to live with a gay cellmate, on its face, satisfies the subjective prong of an Eighth Amendment claim. Additionally, Plaintiff makes merely a blanket assertion that Defendant Aragon knew Plaintiff faced a substantial risk of harm from assignment to a cell with a gay cellmate. *See Sayed*, 2021 WL 4099577, at *6. Plaintiff does not allege that he informed Defendant Aragon that he would face "consequences" for living with a gay cellmate *before* he was assigned to his new cell. *Second Am. Compl.* [#9] at 4. Nor does Plaintiff allege that the substantial risk of harm to STGs living with gay cellmates was obvious and well-known throughout the prison before Defendant Aragon assigned Plaintiff to live with a gay cellmate. *See Herbert*, 2013 WL 6077006, at *3. Even if Defendant Aragon acted with a culpable state of mind, Plaintiff does not plausibly allege he knew of a substantial risk of harm to Plaintiff when assigning him to his new cell.[8] *See Farmer*, 511 U.S. at 834. In other words, the Court cannot find that Defendant Aragon was on notice that Plaintiff was at substantial risk of harm at the time Plaintiff was assigned to a cell with a gay cellmate. Therefore, Plaintiff fails to allege sufficient facts to satisfy the subjective prong of Claim One against Defendant Aragon.

---

[8] Plaintiff does assert in his Response [#18] that, before his assault, other STG members told Defendant Aragon to move a different STG member out of his cell with a gay cellmate. *Response* [#18] at 3. Defendant Aragon agreed to move this STG member into a new cell. *Id.* Nonetheless, Plaintiff does not provide allegations that Defendant Aragon generally knew of a substantial risk of harm to STGs living with gay cellmates, or that it was obvious and well-known throughout the prison*. See Herbert*, 2013 WL 6077006, at *3.

Second, to the extent Claim One may be asserted against Defendant Holland, Plaintiff does not allege that it was Defendant Holland who made the decision to assign him to live with a gay cellmate. *See Second Am. Compl.* [#9] at 4, 7. Plaintiff only alleges that Defendant Aragon assigned him to his living situation. *Id.* Plaintiff fails to allege any fact demonstrating that Defendant Holland was the moving force of his assignment to live with a gay cellmate. *See Monell*, 436 U.S. at 694. Therefore, to the extent Claim One is made at all against Defendant Holland, Plaintiff fails to adequately allege the subjective prong.

Accordingly, Plaintiff fails to plausibly allege that Defendants caused him to suffer a constitutional injury when he was assigned to live with a gay cellmate.

### b.      Claim Two: Refusal to Move Plaintiff to a New Cell

Second, Plaintiff may be arguing that Defendants caused him to suffer a constitutional injury when they failed to change his cell assignment and failed to heed his warnings that he was at risk of "consequences."

Between May 19, 2022, and May 23, 2022, Plaintiff allegedly informed Defendant Aragon that Plaintiff would face "consequences" for living with a gay cellmate "over an estimated four times." *Second Am. Compl.* [#9] at 4. Additionally, Plaintiff asserts that he asked Defendant Aragon to move cells in the presence of witnesses several times. *Id.* Plaintiff alleges that a cell in his unit became available on May 20, 2022, one day after his first request. *Id.* at 7. Nonetheless, Defendant Aragon still refused to move him and denied each of Plaintiff's requests. *Id.* at 4, 7. On May 23, 2022, Plaintiff shared his safety concerns with a third nonparty sergeant who agreed to move him to a new cell

without a gay cellmate. *Id.* at 7. Only one day later, on May 24, 2022, Plaintiff was attacked in his new cell while Defendant Holland was on duty. *Id.*

First, Plaintiff's Claim Two against Defendant Aragon is based on a logical error. *See Malley*, 475 U.S. at 345 (discussing the causation element of all § 1983 claims). Defendant Aragon's failure to change Plaintiff's cell assignment or heed his warnings manifestly did not cause Plaintiff's alleged constitutional injury because it is undisputed that the attack occurred *after* Plaintiff's request was granted and he was assigned to live in a new cell. *Second Am. Compl.* [#9] at 7. In other words, Plaintiff was injured after the purportedly unconstitutional conduct—failure to move him to a new cell—stopped. *See id.* Thus, Plaintiff cannot logically assert that, but-for Defendant Aragon's failure to heed his warnings and change his cell assignment, Plaintiff would not have suffered a constitutional injury. *See Malley*, 475 U.S. at 345. In addition, there are no allegations that the harm suffered by Plaintiff would have been averted had Defendant Aragon moved Plaintiff to a new cell *sooner*; indeed, any such allegations would be merely speculative. Therefore, Plaintiff's Claim Two against Defendant Aragon fails.

Second, Claim Two as asserted against Defendant Holland rests on a different logical error. *See Malley*, 475 U.S. at 345. Plaintiff does not allege that he made any request to Defendant Holland to move cells or that he warned Defendant Holland that he faced consequences.[9] *See Second Am. Compl.* [#9] at 4, 7. Defendant Holland could

---

[9] Plaintiff does allege in his Response [#18] that he "told [Defendant] Holland numerous times . . . that [he] was being threaten [sic] if [he] didn't get moved out of the cell with" a gay cellmate. *Response* [#18] at 2. Nonetheless, it is undisputed that the attack occurred after Plaintiff's warnings were heeded and he was assigned to live in a new cell. *Second Am. Compl.* [#9] at 7. In other words, Plaintiff was injured after the alleged cause of harm (i.e., living with a gay cellmate) was removed. *See id.* at 4. Thus, Plaintiff cannot plausibly allege that but-for Defendant Holland's failure to heed his warnings and change his cell assignment, Plaintiff would not have suffered a constitutional injury. *See Malley*, 475 U.S. at 345.

not deny a request or heed a warning he is not alleged to have received.  Plaintiff fails to allege any fact that shows Defendant Holland was the moving force behind the cause of injury in this second claim.  *See Monell*, 436 U.S. at 694.  Therefore, Plaintiff's Claim Two against Defendant Holland fails.

In short, Plaintiff fails to plausibly allege that Defendants caused him to suffer a constitutional injury when they failed to move him from his cell and failed to heed warnings that he was at risk of consequences.

### c.   Claims Three through Five Against Defendant Holland

Liberally reading the Second Amended Complaint [#9], Plaintiff may be alleging his constitutional injury occurred when: (1) Defendant Holland followed Defendant Aragon's orders not to change Plaintiff's living situation during the swing shift (Claim Three); (2) Plaintiff was attacked after he was moved to his new cell while Defendant Holland was on duty (Claim Four); and/or (3) Defendant Holland did not check on him after the assault (Claim Five).  *See Second Am. Compl.* [#9] at 4, 7.  Plaintiff does not allege enough facts to demonstrate that he is entitled to relief for any of these possible claims.  *See Robbins*, 519 F.3d at 1247.

First, regarding Claim Three, Plaintiff does not allege that he made any request to Defendant Holland to move cells or that he warned Defendant Holland that he faced consequences.[10]  *See Second Am. Compl.* [#9] at 4, 7.  Even if Defendant Holland had been warned of the risk of harm, Plaintiff cannot assert this claim because it is undisputed that the attack occurred *after* Plaintiff's request was granted and he was assigned to live

---

[10]  *See* discussion *supra* note 9.

in a new cell. *Id.* at 7. Thus, just as Claim Two against Defendant Aragon failed, Claim Three against Defendant Holland fails.[11]

Second, regarding Claims Four and Five, Plaintiff does not allege Defendant Holland knew he had been attacked or suffered physical injuries. In the Second Amended Complaint [#9], Plaintiff does not explain how Defendant Holland—or indeed any officer—knew the intentions of his assailants when the assault occurred. Nor does Plaintiff describe the assault as verbal and/or physical or explain whether he subsequently sought medical attention. *See Straker*, 2022 WL 1193451, at *2. Plaintiff does not plausibly allege in any filing that Defendant Holland knew Plaintiff had been injured while he was on duty or failed to take reasonable steps to abate Plaintiff's risk of harm during or after the attack. *See Callahan*, 471 F.3d at 1159. Thus, Claims Four and Five against Defendant Holland fail.

Accordingly, the Court **recommends** that the Motion [#16] be **granted**.

## B.     Leave to Amend

In light of the recommendation to grant the Motion [#16], the Court must determine whether to recommend that the case be dismissed with or without prejudice, i.e., whether Plaintiff should be granted leave to amend his Second Amended Complaint [#9]. While Plaintiff has not explicitly sought leave to amend, the Court notes that leave to amend a complaint can be granted by the court "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

Leave to amend may be denied, however, if it would be futile. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). Even pro se litigants do not have

---

[11] *See* discussion *supra* Section III.A.2.b.

unlimited chances to amend and must follow the same procedural rules that govern other litigants. *Nielsen*, 17 F.3d at 1277; *see also Bertolo v. Raemisch*, No. 17-cv-00773-RM-KLM, 2020 WL 132764, at *4 (D. Colo. Jan. 13, 2020).

### 1.     Amendment to the Objective Prong

Regarding the objective prong, Plaintiff states in his Response [#18] that he sought medical treatment after inmates assaulted him. *Response* [#18] at 3. Plaintiff lists a broken tailbone and bruising and swelling of the face as physical injuries from the assault. *Id.* The Court finds that these statements may potentially plausibly demonstrate that the harm he suffered rises to a level sufficiently serious to be cognizable under the Eighth Amendment. *See Martinez*, 563 F.3d at 1088. However, while additional facts mentioned in the Response [#18] may potentially plausibly satisfy the objective prong of his possible Eighth Amendment claims, no additional facts in any filing potentially plausibly show that Plaintiff can satisfy the subjective prong of any Eighth Amendment claim.

### 2.     Amendment to the Subjective Prong of Claim One: Assignment to Cell

First, the Court analyzes the futility of amendment to the subjective prong of Claim One against Defendant Aragon. While Plaintiff makes two additional allegations in his Response [#18] regarding Defendant Aragon's knowledge of a substantial risk of harm posed to him, these allegations are insufficient to plausibly allege Defendant Aragon had this knowledge before he changed Plaintiff's cell assignment. *See Callahan*, 471 F.3d at 1159. Plaintiff alleges in his Response [#18] that, before his assault, other STG members told Defendant Aragon to move a different STG member out of his cell with a gay cellmate. *Response* [#18] at 3. Defendant Aragon agreed to move this STG member into a new cell. *Id.* Also, Plaintiff states that "the same offenders who assaulted [Plaintiff] . . . told

[Defendant Aragon] to move [Plaintiff] . . . because he was going to get [Plaintiff] hurt or killed" *after* Plaintiff was moved to a cell with a gay cellmate. *Id.* at 2. Nonetheless, Plaintiff does not allege that Defendant Aragon moved the other STG member from his cell for the purpose of taking reasonable steps to abate a substantial risk of harm. *See Callahan*, 471 F.3d at 1159. Additionally, Plaintiff does not plausibly allege that a substantial risk of harm to STGs living with gay cellmates was obvious and well-known throughout the prison. *See Herbert*, 2013 WL 6077006, at *3. Plaintiff cannot rely solely on the allegation that Defendant Aragon simply should have perceived a substantial risk. *Farmer*, 511 U.S. at 838. Accordingly, the Court finds that amendment to the subjective prong of Claim One against Defendant Aragon would be futile.

Second, as discussed, Plaintiff's Claim One against Defendant Holland rests on a logical error. *See Malley*, 475 U.S. at 345. Amendment to the subjective prong of this claim may correct this logical error only if Plaintiff alleges Defendant Holland assigned Plaintiff to live with a gay cellmate. Plaintiff has not made this allegation in any of his three complaints or any other filing. Plaintiff only alleges Defendant Aragon assigned his living situation. *Second Am. Compl.* [#9] at 4, 7. Accordingly, the Court finds that amendment to the subjective prong of Claim One against Defendant Holland would be futile.

### 3. Amendment to the Subjective Prong of Claim Two: Refusal to move Plaintiff to a New Cell

First, as discussed, Plaintiff's Claim Two against Defendant Aragon rests on a logical error. *See Malley*, 475 U.S. at 345. Plaintiff cannot assert that Defendant Aragon's failure to change his cell assignment or heed his warnings caused his alleged constitutional injury because it is undisputed that the attack occurred *after* Plaintiff's

-17-

warnings were heeded and he was assigned to live in a new cell.  *Second Am. Compl.* [#9] at 7.  Thus, Amendment to the subjective prong of this claim may correct this logical error only if Plaintiff plausibly alleges Defendant Aragon knew there was a substantial risk of harm to Plaintiff *even after* he was moved to another cell.  Plaintiff has not made this allegation in any of his three complaints or any other filing.  Additionally, as discussed above, the Court cannot find that Plaintiff plausibly alleges Defendant Aragon actually had knowledge of a substantial risk presented to Plaintiff from living with a gay cellmate.  *See Callahan*, 471 F.3d at 1159.  Accordingly, the Court finds that amendment to the subjective prong of Claim Two against Defendant Aragon would be futile.

Second, while Plaintiff makes an additional allegation regarding Defendant Holland's knowledge of a substantial risk of harm posed to him, it is insufficient to plausibly allege that Defendant Holland actually had this knowledge under the circumstances asserted here.  *See Callahan*, 471 F.3d at 1159.  Plaintiff alleges in his Response [#18] that he "told [Defendant] Holland numerous times . . . that [he] was being threaten [sic] if [he] didn't get moved out of the cell with" a gay cellmate.  *Response* [#18] at 2.  Nonetheless, Plaintiff's Claim Two against Defendant Holland rests on the same logical error as this claim against Defendant Aragon.  *See Malley*, 475 U.S. at 345.  Thus, Amendment to the subjective prong of this claim may correct this logical error only if Plaintiff plausibly alleges Defendant Holland knew there was a substantial risk of harm to Plaintiff *even after* he was moved to another cell.  Plaintiff has not made this allegation in any of his three complaints or any other filing.  Accordingly, the Court finds that amendment to the subjective prong of Claim Two against Defendant Holland would be futile.

### 4. Amendment to Claims Three Through Five Against Defendant Holland: Failure to Change Plaintiff's Cell Assignment, Failure to Prevent Attack, and Failure to Check on Plaintiff After Attack

Claim Three against Defendant Holland rests on the same logical error as the Claim Two against Defendant Aragon.[12]  *See Malley*, 475 U.S. at 345.  Even if: (1) Plaintiff informed Defendant Holland of the risk of harm he faced; and (2) Defendant Holland had the authority to change Plaintiff's cell assignment, amendment to this claim may correct this logical error only if Plaintiff plausibly alleges Defendant Holland knew there was a substantial risk of harm to Plaintiff *even after* he was moved to another cell.  Plaintiff has not made this allegation in any of his three complaints or any other filing.

Regarding Claims Four and Five, Plaintiff does not plausibly allege in any filing that Defendant Holland knew he had been injured while Defendant Holland was on duty or failed to take reasonable steps to abate his risk of harm during or after the attack. Plaintiff has had several opportunities to make these allegations and has yet to do so. Despite Plaintiff's reference to video footage of his assailants coming into his cell to attack him and an assailant following him into the showers to keep him quiet, Plaintiffs fails to make any allegations that Defendant Holland witnessed these events or knew what the assailants intended.  Accordingly, the Court finds that amendment to Claims Four and Five against Defendant Holland would be futile.

Accordingly, the Court **recommends** that the Eighth Amendment claims against Defendants be **dismissed with prejudice**.

### IV. Conclusion

For the reasons stated above,

---

[12] *See* discussion *supra* Section III.B.3.

IT IS HEREBY **RECOMMENDED** that the Motion [#16] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Eighth Amendment claims against Defendants be **DISMISSED with prejudice** for failure to state a claim.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge. Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). A party's failure to serve and file specific, written objections also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 29, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge