**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-2062-WJM-KAS

TYRON DUANTE SMALL,

      Plaintiff,
v.

SERGEANT ARAGON, and
SERGEANT HOLLAND,

      Defendants.

---

**ORDER ADOPTING MARCH 29, 2023,
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the March 29, 2023, Recommendation of retired United States Magistrate Judge Kristen L. Mix ("Recommendation") (ECF No. 27) that the Court: grant Defendants Bobby Aragon and James Holland's (together, "Defendants") Motion to Dismiss (ECF No. 16) and dismiss all claims in the Second Amended Complaint (ECF No. 9) with prejudice.

On April 7, 2023, Plaintiff Tyron Duante Small filed a motion requesting 45 days to further amend his complaint.  (ECF No. 28.)  On April 19, 2023, Plaintiff filed a motion "verifying" that his April 7 motion was an objection to the Recommendation.  (ECF No. 29.)  And on April 24, 2023, Plaintiff filed an Amended Objection.  (ECF No. 32.)  Because Plaintiff proceeds *pro se*, the Court considers all three filings and refers to them collectively as Plaintiff's "Objection."  Defendants filed a response to the Objection on May 3, 2023.  (ECF No. 33.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

For the reasons explained below, the Court overrules the Objection, adopts the Recommendation in full, and dismisses this action with prejudice.

## I.  BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the background contained in the Recommendation.  (ECF No. 27 at 2–4.)  In short, however, Plaintiff asserts that his Eighth Amendment rights were violated when Defendants housed him with a gay cellmate, resulting in his assault by other inmates. (*Id.*)

## II. THE RECOMMENDATION

Judge Mix begins her analysis by noting "that the precise constitutional bases for Plaintiff's claims against each Defendant, even when liberally construing the Second Amended Complaint [#9], are unclear."  (*Id.* at 5.)  Therefore, Judge Mix refers to the five "potential bases as Claims One through Five, although they are not so designated in the Second Amended Complaint."  (*Id.*)  Judge Mix describes the five construed claims in the following manner:

> First, Plaintiff may be arguing that Defendants caused him to suffer a constitutional injury when they initially assigned him to live with a gay cellmate ("Claim One").  Second, Plaintiff may be arguing that Defendants caused him to suffer a constitutional injury when they failed to move him from his cell and failed to heed his warnings that he was at risk of consequences ("Claim Two").  Third, Plaintiff may be arguing that Defendant Holland caused him to suffer a constitutional injury by following Defendant Aragon's orders not to change Plaintiff's cell assignment during the swing shift ("Claim Three").  Fourth, Plaintiff may be arguing that Defendant Holland caused him to suffer a constitutional injury when Plaintiff was attacked after he was moved to his new cell while Defendant Holland was on duty ("Claim Four").  Fifth, Plaintiff may be arguing that Defendant Holland caused him to suffer a constitutional injury when he did not check on

Plaintiff after the assault ("Claim Five").

(*Id.* at 5–6.)  The Court adopts this approach for the purposes of this Order.

Judge Mix recommends dismissing Claim One because Plaintiff failed to plausibly allege that Aragon "was on notice that Plaintiff was at substantial risk of harm at the time Plaintiff was assigned to a cell with a gay cellmate" or that Holland "made the decision to assign [Plaintiff] to live with a gay cellmate." (*Id.* at 11–12.)  She recommends dismissing Claim Two because Plaintiff's allegations—even if true—cannot support a finding that either Aragon or Holland caused Plaintiff's injuries.[1] (*Id.* at 13–14.)  Judge Mix recommends dismissing Claim Three for the same reasons as Claim Two.  (*Id.* at 14–15.)  And she recommends dismissing Claims Four and Five because Plaintiff fails to allege "that Defendant Holland knew Plaintiff had been injured while he was on duty or failed to take reasonable steps to abate Plaintiff's risk of harm during or after the attack." (*Id.* at 15.)

Judge Mix then considers whether to recommend dismissal with or without prejudice.  (*Id.*)  Because Plaintiff has already made three unsuccessful attempts to plead his claims, Judge Mix concludes amendment would be futile and recommends dismissal with prejudice.  (*Id.* at 15–20.)

### III. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate

---

[1] Judge Mix describes two logical fallacies that doom Claim Two.  With respect to Aragon, she notes that it is undisputed that Plaintiff's injury occurred after Aragon's allegedly unconstitutional conduct had ended.  (*Id.* at 13.)  And with respect to Holland, she notes that Plaintiff fails to allege that Holland knew Plaintiff would be in danger if he was not moved to another cell.  (*Id.* at 13–14.)

3

judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## IV. PLAINTIFF'S OBJECTION

Plaintiff devotes the majority of the Objection to restating the facts he believes establish violations of his constitutional rights.[2] (ECF No. 32 at 1–5.)

In the portion of the Objection that directly addresses the Recommendation, Plaintiff asserts that he "is amending more clearly every claim" because Judge Mix failed to address the additional facts contained in his response to Defendants' Motion to Dismiss. (*Id.* at 5.) Further, he argues that Judge Mix mistakenly concluded that he

---

[2] Though Plaintiff captions these portions of the Objection "First Amendment" and "Eighth Amendment," he does not analyze the law relevant to alleged violations of these amendments. Rather, he simply provides a factual narrative relating to alleged retaliation against him and cruel and unusual punishment he allegedly suffered. (ECF No. 32 at 1–5.) But, as Judge Mix explained, and the Court agrees, if Plaintiff has any cognizable claims, they sound in the Eighth Amendment. (ECF No. 27 at 4.)

4

"never made it clear to Sgt. Aragon" that he would be in danger if housed with a homosexual cellmate.  (*Id.* at 6.)  The balance of the final section of Plaintiff's Objection is devoted to factual recitation and repeating arguments previously rejected by Judge Mix.  (*Id.* at 5–6; *compare id.* at 5–6, *with* ECF No. 18 *and* ECF No. 20.)

Defendants argue that allowing Plaintiff to amend his pleading via the Objection "would frustrate the recommendation process[] because a litigant who is displeased with a recommendation could place before the district judge material [that] was never before the magistrate judge."  (ECF No. 33 at 7–8.)  The Court agrees with Defendants and rejects Plaintiff's attempt to circumvent the pleading requirements of Rule 8 and amendment process outlined in Rule 15, which Judge Mix correctly applied.  *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")

Defendants further argue that Judge Mix was correct to conclude that Plaintiff failed to plausibly allege that Aragon was subjectively aware of the danger Plaintiff faced if housed with a homosexual cellmate.  (ECF No. 33 at 8–9.)  As Defendants point out, Judge Mix observes that "Plaintiff makes merely a blanket assertion that Defendant Aragon knew Plaintiff faced a substantial risk of harm from assignment to a cell with a gay cellmate."  (*Id.*; ECF No. 27 at 11.)  Courts are directed to ignore such conclusory allegations when considering motions to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that conclusory allegations are not entitled to an assumption of truth).  Furthermore, Judge Mix clearly considered facts Plaintiff included for the first time in his response (ECF No. 18) and concluded they did not satisfy the subjective prong of an

5

Eighth Amendment claim.[3]  (ECF No. 27 at 11 n.8.)

Finally, the Court considers whether to grant Plaintiff leave to file a fourth complaint.  The Court agrees with Judge Mix that such amendment would be futile, and that dismissal with prejudice is appropriate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

Therefore, the Court overrules the Objection and adopts the Recommendation in its entirety.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 27) is ADOPTED;

2. Plaintiff's Objection (ECF Nos. 28, 29, 32) is OVERRULED;

3. Defendants Motion to Dismiss (ECF No. 16) is GRANTED;

4. The Second Amended Complaint (ECF No. 9) is DISMISSED WITH PREJUDICE;

5. The Clerk shall enter a judgment in favor of Defendants and against Plaintiff and terminate this case; and

6. The parties shall bear their own fees and costs.

---

[3] Judge Mix's consideration of these additional facts was extensive.  Not only did she consider them with respect to the subjective prong of Plaintiff's Eighth Amendment claims, she further considered them when recommending dismissal with prejudice.  Based on the facts alleged in the Second Amended Complaint and the additional facts included in Plaintiff's briefing, she concluded that further amendment was futile.  (ECF No. 27 at 15–19.)

6

Dated this 24th day of October, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

7